IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GEORGE HAMILTON,

        Plaintiff,                             CV F 04 5129 OWW WMW P

   vs.                                   ORDER DISMISSING COMPLAINT
                                          WITH LEAVE TO AMEND

THOMAS MOORE, et al.,

        Defendants.

        Plaintiff is a state prisoner proceeding pro se. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

        The complaint in this action is in the form of a petition or request pursuant to Federal Rule of Civil Procedure 27(a) to take the depositions of potential defendants in a lawsuit that Plaintiff intends to file. Plaintiff, an inmate in the custody of the California Department of Corrections at High Desert State Prison, seeks to bring a civil rights action against defendant correctional officials employed by the Department of Corrections at Corcoran State Prison. Plaintiff seeks to bring an action claiming a conspiracy to violate his civil rights.

        Plaintiff seeks leave to take the depositions of four individual defendants, and to propound written interrogatories on these defendants pursuant to Federal Rule of Civil Procedure 27(a). Plaintiff seeks to perpetuate the testimony of these defendants in order to "prevent further dishonesty, prejudice and irreparable injuries."

1    A plaintiff seeking leave to for prelawsuit depositions pursuant to Rule 27(a) must make
2 a clear showing why an action could not be first filed and the deposition taken later.  See State of
3 Nevada v. O'Leary, 63 F.3d 932, 936 (9th Cir. 1995).   Plaintiff must also set forth in some detail "the
4 substance of the testimony" it seeks to preserve. Id.

5    Here, plaintiff offers no factual allegation and makes no showing as to why the
6 testimony of the defendants should be taken pursuant to Rule 27(a).  Plaintiff indicates that he needs to
7 exhaust his available administrative remedies prior to filing suit pursuant to 42 U.S.C. § 1997e(a).
8 Plaintiff correctly notes that he can not bring his claim in this action, even if he has exhausted his
9 remedies during the pendency of this action.   McKinney v. Carey, 311 F.3d 1198 (9th Cir. 2002).

10    There are no factual allegations and no showing that any of the named defendants
11 would be unavailable when Plaintiff files his action.   Potential plaintiffs can not use Rule 27 to obtain
12 unknown information in order to enable them to draft a complaint.  That Plaintiff has not exhausted his
13 administrative remedies is not a ground to grant leave to take prelawsuit depositions in order to
14 perpetuate testimony.  Perpetuation of the testimony that would otherwise be lost is the basis for a Rule
15 27 request.  Plaintiff makes no such showing here.

16    Accordingly, IT IS HEREBY ORDERED that Plaintiff's request is dismissed with leave
17 to amend.  Should Plaintiff desire to file an amended request, he should do so within thirty days of the
18 date of service of this order.   Failure to do so will result in a recommendation that this action be
19 dismissed.

21 IT IS SO ORDERED.

22 **Dated:   May 25, 2007**           **/s/  William M. Wunderlich**
                                         UNITED STATES MAGISTRATE JUDGE