1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

9  GEORGE HAMILTON,                        CASE NO. 1:04-cv-05129-OWW-YNP PC

10                      Plaintiff,          ORDER GRANTING PLAINTIFF'S SECOND
                                            MOTION FOR AN EXTENSION OF TIME TO
11          v.                              FILE SECOND AMENDED COMPLAINT

12  THOMAS-MOORE, et al.,                   (Doc. #49)

13                      Defendants.         SECOND  AMENDED  COMPLAINT  DUE
                                            WITHIN 30 DAYS
14
   _____/
15

16          Plaintiff George Hamilton ("Plaintiff") is a state prisoner proceeding pro se and in forma

17  pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  On July 14, 2009, Plaintiff filed a

18  motion requesting the Court to clarify the issues addressed in the Court's previous screening order.

19  On April 7, 2009, the Court screened Plaintiff's first amended complaint and dismissed it for failing

20  to state any claims.  Plaintiff asks the Court to clarify why his claims are not cognizable.  The Court

21  will grant Plaintiff's request and attempt to explain the issues as plainly as possible.

22          Plaintiff specifically asks for clarification regarding the deficiencies in his claims against

23  Defendants Rife, Hicks, Mendoza, Banks, Swain, Castro, Martinez, Yale, Granillo, and Kaszap.  The

24  Court did not address Plaintiff's claims against these Defendants.  The Court noted that Plaintiff

25  names 75 individuals as Defendants regarding multiple incidents that occurred at the California

26  Substance Abuse Treatment Facility.

27          Put plainly, Plaintiff may not sue all 75 defendants in a single action that covers multiple

28  incidents.  Allowing Plaintiff to proceed on such a wide-ranging lawsuit will only result in

confusion. The Federal Rules of Civil Procedure provide restrictions on what types of claims may be brought in a single lawsuit. Federal Rule of Civil Procedure 18(a) allows a plaintiff to raise multiple claims against a single defendant. Federal Rule of Civil Procedure 20(a) allows a plaintiff to raise claims against multiple defendants if the right to relief arises out of the same "transaction, occurrence, or series of transactions."

The Court thus determined that Plaintiff was attempting to bring multiple claims in a single lawsuit that were not permitted by the Federal Rules of Civil Procedure. The Court chose to analyze Plaintiff's claims against Mark Lopez, Aguirre, R. Vogal, and R. Halberg. Plaintiff was informed that if he wished to pursue his other claims, he must do so in a separate lawsuit. The Court will not provide Plaintiff with an analysis of what deficiencies exist, if any, in his other claims. If Plaintiff chooses to re-file those claims in a separate action, the Court will be obligated to inform Plaintiff of the deficiencies in those claims before dismissing them. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987).

Although the Court noted that Plaintiff may state some cognizable claims against Defendants Lopez and Aguirre, the Court nonetheless dismissed Plaintiff's complaint and gave Plaintiff the opportunity to file an amended complaint that restated those claims. The Court informed Plaintiff that his complaint violates the requirements of Federal Rule of Civil Procedure 8(a). Rule 8(a) requires Plaintiff to provide a "short and plain statement of the claim." Plaintiff's complaint was not a "short and plain statement" of his claims. Plaintiff's complaint was described as a rambling 80 page narrative describing multiple incidents involving 75 defendants.

In summation, the Court will provide Plaintiff with the opportunity to file an amended complaint. Plaintiff must follow all applicable Federal Rules of Civil Procedure. Plaintiff is specifically advised that he may not group multiple claims and multiple defendants in a single lawsuit unless it is explicitly permitted by Federal Rule of Civil Procedure 18 or 20. Plaintiff is also specifically advised that his complaint must be "short and plain" as required by Federal Rule of Civil Procedure 8.

Plaintiff also requests an extension of time to file his second amended complaint. The Court will provide Plaintiff the opportunity to file an amended complaint within 30 days of the date of

1   service of this order.  Plaintiff is warned that the failure to comply with this deadline may result in

2   the imposition of sanctions, including dismissal of this action for failure to prosecute.

3            Finally, Plaintiff requests that the Court vacate its June 15, 2009 order.  The June 15, 2009

4   order granted Plaintiff an extension of time, so it is unclear why Plaintiff wants the Court to vacate

5   that order.[1]  Plaintiff's request will be denied.

6            Accordingly, it is HEREBY ORDERED that:

7            1.       Plaintiff's motion for clarification is GRANTED;

8            2.       Plaintiff's request for an extension of time is GRANTED.  Plaintiff is granted thirty

9                     (30) days from the date of service of this order in which to file his second amended

10                    complaint; and

11           3.       Plaintiff's request to vacate the Court's June 15, 2009 order is DENIED.

12           IT IS SO ORDERED.

13   **Dated:    February 11, 2010**              _____/s/ **Gary S. Austin**_____
                                                   UNITED STATES MAGISTRATE JUDGE

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

    _____

    [1] Plaintiff presumably believes that vacating the order is warranted because the Court ignored Plaintiff's
    request for clarification when granting the extension of time.  Vacating the order does nothing to resolve that issue.