# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE HAMILTON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>AGUIRRE, et al.,<br><br>　　　　Defendants.<br>_____/ | CASE NO.　　1:04-cv-5129-OWW-MJS (PC)<br><br>ORDER DENYING MOTION TO DISQUALIFY<br><br>(ECF No. 69) |

　　　　Plaintiff George Hamilton ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Before the Court is Plaintiff's Motion to Disqualify the undersigned District Judge from presiding over this action. (ECF No. 69.)

　　　　Plaintiff alleges that Defendants are here engaging in a scheme to deprive him of access to his case file at a critical juncture in the litigation, the same behavior he alleged in a prior action which the undersigned dismissed for failure to prosecute. Plaintiff argues that the undersigned's decision in the prior case shows his predisposition to tolerate Defendants' wrongful conduct and justifies disqualification. (Id. at 7-8.)

　　　　Disqualification of a District Judge is appropriate "[w]henever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice . . . against him or in favor of any adverse party . . . ." 28 U.S.C. § 144. A judge is required to disqualify himself *sua sponte* "[w]here he has a personal bias or prejudice concerning a party." 28 U.S.C. § 455(b)(1). The moving party bears the substantial burden of showing that a judge is not impartial. United States v. Bell, 79 F.Supp.2d

1169, 1171 (E.D. Ca. 1999). "Judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." Liteky v. United States, 510 U.S. 540, 556 (1994). Rulings made during the course of judicial proceedings "are proper grounds for appeal, not for recusal." Id. at 555.

In this case, Plaintiff's sole basis for seeking disqualification is the undersigned's previous ruling against him in another action. That is not a basis for recusal or disqualification. See 28 U.S.C. § 144; 28 U.S.C. § 455. Plaintiff has failed to meet his burden of showing that the undersigned is not impartial.

Accordingly, Plaintiff's Motion to Disqualify is DENIED.

IT IS SO ORDERED.

**Dated:   November 12, 2010**            /s/ Oliver W. Wanger
                                   UNITED STATES DISTRICT JUDGE