1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9
10

## EASTERN DISTRICT OF CALIFORNIA

11

| | |
|---|---|
| GEORGE HAMILTON, | CASE NO.    1:04-cv-05129-OWW-MJS (PC) |
| Plaintiff, | FINDINGS AND RECOMMENDATION RECOMMENDING THAT DEFENDANTS' MOTION TO DISMISS BE GRANTED |
| v. | |
| AGUIRRE, et al., | (ECF No. 64) |
| Defendants. | OBJECTIONS DUE MARCH 15, 2011 |
| _____/ | |

12
13
14
15
16
17
18
19

Plaintiff George Hamilton ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  This action proceeds on Plaintiff's August 20, 2008 First Amended Complaint against Defendants Aguirre and Lopez.  Plaintiff alleges that Defendants subjected him to unlawful body searches in violation of the Fourth and Eighth Amendments and retaliated against him in violation of the First Amendment.

20
21
22
23
24
25
26

Before the Court is Defendants' Motion to Dismiss, in which Defendants argue that

27

dismissal is appropriate because Plaintiff failed to exhaust his administrative remedies.[1] (ECF No. 64.) After multiple extensions, Plaintiff filed his Opposition to Defendants' Motion on February 3, 2011.[2] (ECF No. 96.) Defendants filed a reply on February 16, 2011. (ECF No. 99.)

For the reasons set forth below, the Court recommends that Defendants' Motion to Dismiss be granted.

## I. **LEGAL STANDARD**

"The Prison Litigation Reform Act [("PLRA")] requires that a prisoner exhaust available administrative remedies before bringing a federal action concerning prison conditions." Griffin v. Arpaio, 557 F.3d 1117, 1119 (9th Cir. 2009) (citing 42 U.S.C. § 1997e(a)); Brown v. Valoff, 422 F.3d 926, 934 (9th Cir. 2005) (quoting Porter v. Nussle, 534 U.S. 516, 525 n.4 (2002)) (The PLRA "creates 'a general rule of exhaustion' for prisoner civil rights cases."). "'[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong.'" Bennett v. King, 293 F.3d 1096, 1098 (9th Cir. 2002) (quoting Porter, 534 U.S. at 532); accord Roles v. Maddox, 439 F.3d 1016, 1018 (9th Cir. 2006)). The PLRA's "exhaustion requirement is mandatory." McKinney v. Carey, 311 F.3d 1198, 1199 (9th Cir. 2002) (per curiam); accord Jones v.

---

[1] Defendants also move for dismissal pursuant to Rule 12(b)(6) arguing that Plaintiff has failed to state a claim upon which relief could be granted. Because the Court finds that dismissal is appropriate based on Plaintiff's failure to exhaust his administrative remedies, it need not address Defendants' alternate argument.

[2] Plaintiff filed his Opposition three days after the deadline. However, Plaintiff has moved for additional time based on his inability to access the copy machine. For good cause shown, the Court grants Plaintiff's Motion for Extension. (ECF No. 97.) The Court accepts and will consider Plaintiff's Opposition in ruling on the instant Motion.

Bock, 549 U.S. 199, 211 (2007) ("There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court."); see also Panaro v. City of North Las Vegas, 432 F.3d 949, 954 (9th Cir. 2005) (The PLRA "represents a Congressional judgment that the federal courts may not consider a prisoner's civil rights claim when a remedy was not sought first in an available administrative grievance procedure.").

While the PLRA requires "proper" exhaustion of available administrative remedies, Woodford v. Ngo, 548 U.S. 81, 93 (2006), it does not define the boundaries of proper exhaustion.  See Jones, 549 U.S. at 218.  Rather, "[p]roper exhaustion demands compliance with an agency's deadlines and other critical procedural rules[.]"  Woodford, 548 U.S. at 90.  "The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion."  Jones, 549 U.S. at 218; see, e.g., Marella v. Terhune, 568 F.3d 1024, 1027 (9th Cir. 2009, as amended June 5, 2009) (per curiam) ("The California prison system's requirements define the boundaries of proper exhaustion.") (internal quotation marks and citation omitted).

The PLRA's exhaustion requirement is not jurisdictional; rather, it creates an affirmative defense that a defendant may raise in an unenumerated Rule 12(b) motion.  See Jones, 549 U.S. at 213-14; Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003) The defendant bears the burden of raising and proving the absence of exhaustion.  Wyatt, 315 F.3d at 1119.  Specifically, the defendant must show that some administrative relief remains available to the plaintiff "whether at unexhausted levels of the grievance process or through awaiting the results of the relief already granted as a result of that process."

Brown, 422 F.3d at 936-37.  In deciding a motion to dismiss for failure to exhaust, a court may "look beyond the pleadings and decide disputed issues of fact."  Wyatt, 315 F.3d at 1119-20.

In order for California prisoners to exhaust administrative remedies, they must proceed through several levels of appeal:  1) informal resolution, 2) formal written appeal on a CDC 602 inmate appeal form, 3) second level appeal to the institution head or designee, and 4) third level appeal to the Director of the California Department of Corrections.  Barry v. Ratelle, 985 F.Supp. 1235, 1237 (S.D. Cal. 1997) (citing Cal. Code Regs. tit. xv, § 3084.5).  A final decision from the Director's level of review satisfies the exhaustion requirement.  Id. at 1237-38.  When a prisoner has not exhausted administrative remedies on a claim, "the proper remedy is dismissal of the claim without prejudice."  Id. at 1120.

## II.  **ANALYSIS**

The events at the heart of Plaintiff's claims are a series of body searches conducted by Defendants on or about April 5, 2003, April 7, 2003, and April 8, 2003.  (ECF Nos. 41 & 45.)  In support of their Motion to Dismiss, Defendants have submitted the declaration of D. Fosten, Chief of CDCR's inmate appeals branch.  Fosten's office receives all non-medical inmate appeals submitted to the Third (or highest) level of appeal.  Because the events at issue here were non-medical in nature, a decision by Fosten's office would have fully exhausted Plaintiff's administrative remedies.  (Fosten Decl. ¶ 5.)  Fosten states that his staff reviewed Plaintiff's inmate appeal record and was unable to locate a third-level appeal related to the body searches at issue in this case.  (Fosten Decl. ¶ 12.)  Defendants have also included copies of Plaintiff's record from the Inmate Appeals Tracking System

("IATS").

Based on this evidence, Defendants argue that Plaintiff did not exhaust his administrative remedies.  Plaintiff responds by attacking the credibility of the records kept in IATS.  (Pl.'s Decl. ¶¶ 26-39.)  He contends that the IATS system does not accurately record prisoners' appeals and, therefore, is not reliable evidence.

To successfully resist the instant Motion, Plaintiff must do more than attack the credibility of defendants' evidence and deficiencies in the appeals process.  See National Union Fire. Ins. Co. v. Argonaut Ins. Co., 701 F.2d 95, 97 (9th Cir. 1983) ("[N]either a desire to cross-examine an affiant nor an unspecified hope of undermining his or her credibility suffices to avert . . . judgment."); Porter v. Nussle, 534 U.S. 516, 524 (2002) (remedies must be exhausted, and need not meet federal standards or be plain, speedy, and effective).  Rather, Plaintiff must set forth some evidence that supports his position that Defendants are not entitled to dismissal based on his failure to exhaust, i.e., evidence that plaintiff did in fact exhaust.  See Walls v. Lee, 2008 WL 4078406 (N.D. Cal. Aug. 29, 2008).  Though Plaintiff has filed a lengthy Opposition and supporting Declaration, nowhere in his documents does he allege that he filed a grievance related to the body searches at issue in this case nor does he produce evidence that he did exhausted his administrative remedies.

Instead, Plaintiff focuses most all of his attention on the fact that CDCR officials (who are not named defendants in this action) have been denying him access to his legal materials since Defendants' Motion to Dismiss was filed in August 2010.  Plaintiff argues that Defendants should be equitably estopped from asserting the exhaustion defense based on this denial of access.  (Pl.'s Opp. at 4.)

In the Ninth Circuit, the general elements of estoppel are:  (1) the party to be estopped must know the facts; (2) he must intend that his conduct shall be acted on or must so act that the party asserting the estoppel has a right to believe it is so intended; (3) the latter must be ignorant of the true facts; and (4) he must rely on the former's conduct to his injury.  Watkins v. U.S. Army, 875 F.2d 699, 709 (9th Cir. 1989) (en banc).  See also Morgan v. Gonzales, 495 F.3d 1084, 1092 (9th Cir. 2007).  In addition, a party seeking to estopp the government must show (a) "affirmative misconduct going beyond mere negligence," (b) that "the government's wrongful act will cause a serious injustice," and (c) that "the public's interest will not suffer undue damage by imposition of the liability." Morgan, 495 F.3d at 1092 (quoting Watkins, 875 F.2d at 707).

To successfully assert an equitable estoppel defense in this case, Plaintiff would have to show that some governmental action prevented him from filing a timely grievance related to the body searches conducted in 2003.  See Wolfe v. Alamedia, 2008 WL 4454053, *3-4 (E.D. Cal. Sept. 29, 2008).  He provides no such evidence.  Instead, he argues that governmental actions that prevented him from accessing his documents in 2010-2011 should preclude the dismissal of this action based on his failure to prove he exhausted administrative remedies in 2003.  The doctrine of equitable estoppel does not provide such relief.

Plaintiff also argues that Defendants' Motion to Dismiss should be denied "on the grounds that a[n] unconstitutional condition was imposed on Plaintiff, endeavored to reap a litigation advantage, and engage in improper discovery."  (Pl.'s Opp. at 8.)  He argues that Defendants achieved a litigation advantage by taking his documents and making photocopies of his "work product."  Even accepting Plaintiff's allegations as true, it is

irrelevant to the instant Motion.  Defendants filed this Motion to Dismiss in August 2010 and all of the evidence relied upon by Defendants in support of their Motion was in their possession at that time.  Thus, any privileged material that Defendants took from Plaintiff in January 2011 was not used to support the instant Motion.  Quite simply, any wrongdoing by CDCR officials in January 2011 does not affect whether Plaintiff exhausted his administrative remedies in 2003.

Plaintiff's argument that he did not have adequate time to prepare his opposition to the instant Motion is not compelling.  The primary, and determinative, argument raised in the instant Motion is exhaustion—that Plaintiff's claims are barred because he failed to exhaust his administrative remedies.  Plaintiff's response to Defendants' Motion to Dismiss was initially due in September 2010.  Because Plaintiff repeatedly filed motions indicating that he was having trouble getting access to his documents, the Court granted Plaintiff at least three extensions of time, i.e., an additional six months, to respond.  At one point, the Court intervened to assist Plaintiff in obtaining access to his legal materials.  The litigation coordinator arranged for Plaintiff to have access to his six boxes of legal materials for four hours over two days.  Rather than look diligently for evidence of  grievance materials related to this action, Plaintiff admits that he spent much of that time arguing with CDCR employees over whether they were entitled to make photocopies of his documents (which he refers to as "work product").  More significantly, Plaintiff's sixteen page declaration is silent as to whether any relevant documents exist.  He fails to allege that if he had had more time and opportunity to review his legal materials, he would have found  evidence that he exhausted his administrative remedies.  As noted, he does not even claim such evidence exists.

Ultimately, this case comes down to whether Plaintiff can show that he exhausted his available administrative remedies following the disputed body searches in 2003. Defendants have submitted evidence showing that Plaintiff has not.  Plaintiff has not responded by demonstrating that he exhausted his administrative remedies, that administrative remedies were unavailable, or that prison officials effectively obstructed his ability to pursue his grievance through the director's level of review.  See Ngo v. Woodford, 539 F.3d 1108, 1110 (9th Cir. 2008). Instead, Plaintiff raises a host of issues and arguments irrelevant to this central issue and remains  silent as to whether he filed a timely grievance.  Given these circumstances, the Court concludes that Plaintiff failed properly to exhaust his administrative remedies with respect to his claims. Defendants' Motion to Dismiss should therefore be granted.

## III.    CONCLUSION AND RECOMMENDATION

For the reasons stated above, the Court RECOMMENDS that Defendants' Motion to Dismiss be GRANTED and that Plaintiff's claims be DISMISSED WITHOUT PREJUDICE for failure to exhaust.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Not later than March 15, 2011, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951

////

////

F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   February 28, 2011          /s/ *Michael J. Seng*
ci4d6                              UNITED STATES MAGISTRATE JUDGE